IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY A. ESQUIVEL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-0430-CV-W-ODS |
| ) | Crim. No. 06-00298-06-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255; (2) DENYING MOTION TO PROCEED IN FORMA
PAUPERIS; AND (3) DENYING MOTION FOR DISCOVERY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.[1]

I.  BACKGROUND

Movant pled guilty to conspiracy to distribute more than 50 grams of methamphetamine (Count 1) and possession of a firearm in connection with a drug trafficking crime (Count 26). The Court sentenced Movant to a total term of 120 months on Count 1 and 60 months on Count 26, to be served consecutively. The Eighth Circuit affirmed Movant's convictions and sentence. *U.S. v. Esquivel*, 355 Fed. Appx. 971 (8th Cir. 2009). Movant's 28 U.S.C. § 2255 motion claims his trial counsel was ineffective for failing to apprise him of a defense before pleading guilty and for failing to file a motion to suppress the evidence against him. Movant also alleges ineffective assistance of appellate counsel.

---

[1] Also pending are Movant's motions for discovery and to proceed in forma pauperis (Docs. 2, 7). These motions are also denied.

## II.  DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Under *Strickland*, the Court first determines whether counsel's representation fell below an objective standard of reasonableness.  *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010).  The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  Each of Movant's claims will be examined separately.

### 1.  *Failure to Advise of Defense Before Guilty Plea*

"[T]he relationship between buyer and seller alone does not establish a conspiracy."  *U.S. v. Prieskorn*, 658 F.2d 631, 633 (8th Cir. 1981).  Movant claims that trial counsel failed to advise him of this defense to conspiracy.  Movant maintains that if his trial counsel had informed him of this defense, he would have insisted on going to trial rather than pleading guilty.  At trial, the government's evidence would have shown that he purchased 1 pound of methamphetamine and 5 pounds of marijuana from Elisa Bustamante, a member of the drug conspiracy.  The buyer-seller defense mentioned in *Prieskorn* "does not apply to a defendant who received a large, distribution-quantity of drugs."  *U.S. v. Montano-Gudino*, 309 F.3d 501, 505-06 (8th Cir. 2002) (citation omitted).  Trial counsel had no reason to believe that this defense would have succeeded because Movant purchased a large, distribution-quantity of methamphetamine.  *See U.S. v. Ramirez*, 350 F.3d 780, 784 (8th Cir. 2003) (noting that 1 pound of methamphetamine exceeds common personal-use amount).  Movant has not shown that trial counsel's performance was objectively unreasonable.

### 2. *Suppression of Evidence*

Movant next claims that his trial counsel should have filed an additional motion to suppress challenging the search and seizure of drugs and guns. Movant's original motion to suppress was denied, and the Eighth Circuit held on direct appeal that "[b]y pleading guilty unconditionally, Esquivel waived his right to appeal the denial of his motion to suppress." *Esquivel*, 355 Fed. Appx. at 972 (citation omitted). Movant's waiver of nonjurisdictional defects with his guilty plea extends to his § 2255 proceeding and effectively bars him from challenging the validity of the search and seizure. *See Johnson v. Petrovsky*, 626 F.2d 72, 73 (8th Cir. 1980). Movant's claim is denied.

### 3. *Appellate Counsel*

Movant lastly argues his appellate counsel was ineffective for failing to challenge his plea and failing to preserve the issues above regarding ineffective assistance. These claims fail because (1) the Court has already determined that Movant's guilty plea was valid, and (2) ineffective assistance claims are to be raised in a § 2255 motion rather than direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872-73 (8th Cir.2007).

### III. CONCLUSION

The motion and the files and records of the case conclusively show that Movant is entitled to no relief. Movant's motion is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 8, 2010　　　　　　　　　　　　　UNITED STATES DISTRICT COURT